THE NEW YORK SECURITY AND TRUST COMPANY, Respondent, *v.*
BENJAMIN W. BLYDENSTEIN and Others, Appellants, Impleaded
with ERNEST LIPMAN and Others.

*Restraint of the prosecution of separate actions by the claimants of parts of a fund —
restraining parties (non-residents of the State) to an action in the United States
court.*

The New York Security and Trust Company, holding warehouse receipts for 200
bales of burlaps, on which it had made advances to Lipman & Co., was notified
by eight different parties that 109 of the bales had been pledged or sold to
them; all the bales bore distinctive marks and none of the parties claimed the
same bales.

The trust company entered into an agreement with certain of these claimants,
including Blydenstein & Co., who claimed thirty-eight bales, by which it was
agreed that the bales claimed by each should be sold by the trust company,
which should hold the net proceeds arising from the sales of the specific bales
claimed by each, subject to the same rights that the claimants would have in
the bales.

The trust company thereafter sold all the 200 bales and credited the avails upon
its account with Lipman & Co., whereupon Blydenstein & Co., who were non-
residents, brought an action in the United States Circuit Court against the
trust company for the recovery of the specific net proceeds of the sale of the
thirty-eight bales claimed by them.

The trust company thereupon commenced an action in the Supreme Court of the
State of New York to restrain the prosecution of the Blydenstein & Co. suit
and all other actions which might be brought by the several claimants of the
different bales of burlaps, on the ground that each of the claimants claimed an
interest in the fund arising from the sale of the 200 bales, and that, conse-
quently, the rights therein could not be determined in separate actions.

A temporary injunction was granted and continued, and Blydenstein & Co., who
had not been served or appeared generally in the action, appealed from so
much of the order continuing the injunction as restrained the prosecution of
their action in the United States court.

*Held* (without deciding whether the court had jurisdiction to restrain the prose-
cution of an action in the United States Circuit Court, by persons who are
neither citizens nor residents of this State, and who have not appeared or been
served with process in the action in which the injunctive relief was sought),
that the facts showed that the action sought to be restrained was upon an
independent cause of action as to the distinct specific bales claimed by Blyden-
stein & Co., in which the other claimants had no interest; that it appeared that
there was no confusion of goods or interests, unless caused by the trust com-
pany itself, the agreement between it and the claimants not having been joint,
and hence that the injunction, so far as it restrained the prosecution of the
Blydenstein & Co. action, should be vacated.

APPEAL by the defendants, Benjamin W. Blydenstein and others, from so much of an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 12th day of April, 1893, " as directs a continuation of the injunction granted herein by his Honor Justice ABRAHAM R. LAWRENCE, on March 20, 1893, against the defendants Benjamin W. Blydenstein, Adrianus J. Brink and Jacob Van Essen, composing the firm of B. W. Blydenstein & Co., or their agents, attorneys in fact and at law, and servants, and an injunction *pendente lite* against the defendants Benjamin W. Blydenstein, Adrianus J. Brink and Jacob Van Essen, composing the firm of B. W. Blydenstein & Co., their agents, attorneys in fact and at law, and servants, and an injunction during the pendency of this action against the defendants Benjamin W. Blydenstein, Adrianus J. Brink and Jacob Van Essen, composing the firm of B. W. Blydenstein & Co., their agents, attorneys in fact and at law, and servants, from continuing the prosecution of their action in the United States Circuit Court for the Southern District of New York, against the plaintiff herein."

December 1, 1891, the Terminal Warehouse Company issued to Lipman & Co. five negotiable warehouse receipts, numbered 3450, 3451, 3452, 3461 and 3462, each being for 100 bales of burlaps. September 7, 1892, Lipman & Co. borrowed from the plaintiff $50,000, which they in writing promised to pay four months after date, and as security for the performance of their promise pledged and delivered to the plaintiff these receipts. Between October 31, 1892, and November 4, 1892, Lipman & Co. paid $30,000 on the sum loaned, and received from the plaintiff three of these receipts. Between September 7, 1892, the date of the loan, and December 15, 1892, some of the bales covered by the receipts were withdrawn from the warehouse, and other bales of burlaps of equal value substituted, for which new receipts were given and turned over to the plaintiff. December 15, 1892, the plaintiff surrendered the receipts remaining in its hands to the Terminal Warehouse Company, and received from it in lieu thereof a new receipt issued directly to the plaintiff for 200 bales of burlaps. Afterwards and before this action was begun eight firms and corporations, represented by the

defendants, notified the plaintiff that 109 of the 200 bales had been pledged or sold to them. The appellants claim thirty-eight bales; the Manchester Trust Company (Limited), fourteen bales; Levita & Co., three bales; Colesworth & Powell, nine bales; Brown Brothers & Co., one bale; the Merchants' Banking Company (Limited), seven bales; Hong Kong and Shanghai Banking Corporation, twenty-two bales; Antony, Gibbs & Sons, fifteen bales. All of these bales bore distinctive marks and none of the firms claim the same bales. After these claims were presented, agreements were entered into between the plaintiff and the firms of B. W. Blydenstein & Co., Levita & Co., the Merchants' Banking Company (Limited), and the Manchester Trust Company (Limited), by which it was agreed that the bales claimed by each should be sold by the plaintiff, which should hold the net proceeds arising from the sales of the specific bales claimed by each, subject to the same rights that the claimants would have in the bales. In pursuance of this agreement the plaintiff, January 28, 1893, sold said thirty-eight bales, claimed by B. W. Blydenstein & Co., the net avails of which were $4,347.98.

The net avails arising from the sale of the 200 bales were $21,793.51, at which date there was due the plaintiff on the loan $19,743.74, which, deducted from the net amount received from the sales, leaves $2,049.77 in the hands of the plaintiff belonging to Lipman & Co., their transferees or creditors. This balance has been attached by the sheriff of the city and county of New York in actions brought by creditors of Lipman & Co. February 21, 1893, Blydenstein & Co. brought an action against the plaintiff herein in the Circuit Court of the United States for the southern district of New York, for the recovery of $4,347.98, the net avails arising from the sale of the thirty-eight bales, alleging that they were the owners of those bales, which the trust company had converted to its own use. It is set out in the complaint in the Circuit Court that the bales had been sold by an agreement with the trust company and only the net proceeds of the sale is claimed, with interest from the date of the sale.

The plaintiff brings this action for the purpose of restraining the prosecution of the suit in the United States Circuit Court, and of all other actions which may be brought by the firms and

corporations claiming some of the goods. No other actions have been begun, but it is alleged that: "The plaintiff verily believes that other actions of similar nature will be begun against it, threats having been made to it so to do. It is impossible or extremely difficult for plaintiff to set up in each of these separate actions the facts constituting its defense against the right in each of them of their respective plaintiffs to recover the full balance now in the possession of the plaintiff herein. The plaintiff herein, having paid out in one of these actions the full balance in his hands, will be without remedy in another similar one. Unless the title to all these goods or their proceeds be settled in one action, plaintiff's rights will be irreparably and inequitably destroyed."

With the summons and complaint in this action, a preliminary injunction was granted restraining the defendants, their agents, attorneys and servants from bringing, maintaining or continuing any action for the recovery of the sums claimed by them and especially enjoining the appellants, their agents, attorneys and servants from prosecuting the action they had begun in the United States Circuit Court.

Upon the order to show cause, at a Special Term of this court, contained in the preliminary injunction, why it should not be continued pending the action, it was ordered that the injunction be continued and that the firm of B. W. Blydenstein & Co. be restrained from continuing the prosecution of their action in the United States Circuit Court. From so much of this order as restrains the firm of B. W. Blydenstein & Co. from prosecuting their action in the United States Circuit Court, the defendants, constituting said firm, have appealed.

*Antonio Knauth,* for the appellants.

*William B. Hornblower,* for the respondent.

FOLLETT, J.:

All of the defendants have appeared in this action except the appellants, who are citizens and residents of foreign countries, and they have not been served with process, nor have they appeared in the action, except specially for the purposes of this appeal. Briesen & Knauth, as attorneys for B. W. Blydenstein & Co., brought the

action in the United States Circuit Court, and they bring this appeal. This injunction seems to have been granted and continued on the theory that each of the eight firms and corporations claimed an interest in the fund arising from the sale of the 200 bales; but the exact reverse appears by the complaint in this action, wherein it is alleged that every one of the firms and corporations claim a definite number of the bales, or the avails thereof, which bales were identified by distinctive marks. By the suit being prosecuted in the United States Circuit Court, B. W. Blydenstein & Co. do not seek to recover an interest in the entire sum realized upon the sale of the 200 bales, but simply demand a judgment for the net avails realized from the sale of thirty-eight specific bales, of which they claim to be the owners, and to which the other defendants make no claim. By the contract entered into between the plaintiff and B. W. Blydenstein & Co., it was agreed that the former should sell the thirty-eight bales and that the claim of the latter should be limited to the net avails arising from their sale. In pursuance of this agreement the plaintiff sold the bales and realized a sum, the amount of which is not in dispute. The fact that the plaintiff on the same day chose to sell seventy-one other bales which were claimed to be owned by other firms and corporations (no firm or corporation claiming the same bales), and ninety-one bales to which no one claims any interest adverse to plaintiff, and to credit the avails arising from the sale of all the bales to one account, does not give any one of the firms an interest in the fund. The four firms and corporations who entered into agreements with the plaintiff for the sale of the bales claimed by each and limiting their claims to the net amount realized upon the sale, have no claim in the entire fund, but simply to recover of the plaintiff a sum equal to the net amount realized upon the sale of the bales which they claim. The four other firms who did not contract that the bales claimed by each of them might be sold, have no claim whatever to the funds realized upon the sale of the 200 bales. Their claim, if any, is for the recovery of the value, or of their interest in the value, of such of the bales as each asserts title to or an interest in. The claims of these eight firms and corporations and the defenses thereto are as distinct and several as though they had been made under eight independent contracts, each contract relating to a single ship, no two claiming an interest in the same

ship.   In such a case the fact that a person should claim all of them under one contract with a third person, and should sell the vessels and deposit the avails in a distinct account, would afford no reason for restraining actions brought by the several firms and corporations for the alleged conversions.   Nothing that the converter could do by mingling the avails arising from the sale of the ships would affect the right of each claimant to prosecute his individual action.   Had there been a joint agreement between the eight firms and corporations or between any of them and the plaintiff for the sale of the bales and for holding the avails as a single fund, or had there been cross interests in or claims to the bales, the case would have been quite different.

The case at bar is much stronger for the appellants than the one supposed, for the plaintiff expressly contracted with them that the thirty-eight bales should be sold and their recovery, in case they established a prior title to them, should be measured by the amount of the net avails of the sale, which is precisely what they seek to recover in the United States Circuit Court.   We see no ground in such a state of facts, for the equitable relief sought, or for the injunctive relief granted.   The case at bar does not fall within the principle of the *National Park Bank* v. *Goddard* (131 N. Y. 494), which arose over a confusion of goods, and of interests caused by others than the plaintiff and for which it was in no wise responsible. Nor does it arise out of a joint contract nor out of an act or acts participated in by the defendants.   Whatever of confusion there may be, arises from the plaintiffs' acts, and affords no ground for restraining the appellants from prosecuting an independent cause of action, if they have one, in which no one but the plaintiffs and defendants claim an interest.

The view which we have taken of the right to maintain this action renders unnecessary a discussion of the question whether the court has jurisdiction to restrain the prosecution of an action in the United States Circuit Court, by persons who are neither citizens nor residents of this State, and who have not appeared nor been served with process in the action in which the injunctive relief is sought.

The part of the order appealed from should be reversed and the injunction restraining the appellants from the prosecution of their action vacated, with ten dollars costs and printing disbursements,

and the motion to continue the temporary injunction against the appellants denied, with ten dollars costs.

Van Brunt, P. J., concurred.

Order reversed and the injunction restraining the appellants from the prosecution of their action vacated, with ten dollars costs and printing disbursements, and the motion to continue the temporary injunction against the appellants denied, with ten dollars costs.