## In re GUTWILLIG.

(District Court, S. D. New York.   December 6, 1898.)

BANKRUPTCY — VOLUNTARY ASSIGNMENT — REPLEVIN BY CREDITOR IN STATE COURT—ABUSE OF PROCESS—RESTRAINING ORDER.

After a voluntary assignment for the benefit of creditors, a vendor of goods alleged to have been purchased by fraudulent representations assigned his claim, and the assignee thereof brought replevin against the voluntary assignee under which a promiscuous seizure was made by the sheriff of goods in possession of the voluntary assignee, including goods not described in the writ as well as goods manufactured and in process of manufacture: the next day involuntary proceedings in bankruptcy were commenced by creditors; on motion to restrain the sheriff from delivery of the goods seized, *held* (1) that section 23b of the act of July 1, 1898, does not limit the right of a trustee in bankruptcy to sue in such cases in the state courts, that clause being confined to suits which the bankrupt himself might have brought but for proceedings in bankruptcy; (2) that the abuse of the replevin process, other circumstances in the case, and the proper defense of the rights of creditors in bankruptcy, require that the delivery of the property by the sheriff should be restrained.

(Syllabus by the Court.)

In Bankruptcy.   On motion to dissolve a restraining order preventing the sheriff from delivering certain replevied goods.

A. A. Joseph, for petitioner.

George F. Fielder, for assignee.

Alexander Blumenstiel and S. F. Kneeland, for creditors in bankruptcy.

BROWN, District Judge. On November 9, 1898, Henry Gutwillig, a manufacturer of garments at 536 Broadway, made a general assignment for the benefit of creditors to William L. Stone, Jr., assignee. Thereafter on the same day the sheriff of this county on a writ of replevin in an action brought in the state supreme court by William H. Codey against Gutwillig and Stone, his assignee, took from the assignee's possession certain goods which the sheriff still retains. On November 10th a petition was filed in this court by the creditors of Gutwillig to have him adjudged a bankrupt, and on the 11th of November a restraining order was issued by this court addressed to the assignee and the sheriff forbidding them from disposing of or parting with any of the property. The present motion is to relieve the sheriff from that order so as to permit him to deliver the property replevied.

The affidavit in support of the motion states that the property claimed in the replevin suit, consisting of 29 cases of Kronstadt flannels (51,151 yards) was bought by Gutwillig of Minot, Hooper & Co., "under a fraudulent statement as to his financial condition, and with intent not to pay for it"; that Minot, Hooper & Co. had assigned their claim to the petitioner Codey, who thereupon commenced the suit in replevin, and now seeks to have the restraining order vacated as respects the sheriff.

The affidavits opposed to the motion show that about one-half of the property seized by the sheriff in executing the writ of replevin consisted of property not described in the writ, and that he also seized garments manufactured and in process of manufacture in which were other materials as well as the labor expended in making them. These facts show a gross abuse of the writ of replevin. Such abuses it is said are common and notorious. They are not only a fraud upon the law and the courts, but enable creditors by these means to obtain a preference over general creditors, and are within the direct condemnation of section 67c of the bankrupt act. In cases like the present, moreover, where the bankrupt has made a voluntary assignment of his property to an assignee from whom the property is taken, and bankruptcy proceedings have been thereafter instituted, there are special difficulties in the way of any adequate protection of the rights of general creditors except through a restraining order until a trustee in bankruptcy can be appointed. The voluntary assignment being itself an act of bankruptcy subjecting the assigned property, as I have recently held, to distribution in the bankruptcy court, the voluntary assignee has little inducement to undertake the burden of a litigation, and too often the debtor for ulterior advantages to himself is little inclined to obstruct preferences sought to be acquired in this way.

In the present case, moreover, none of the facts or circumstances on the part of the plaintiff in replevin have been so presented either in the replevin papers or upon this motion as to enable the court to form any judgment whether the plaintiff therein has a probable cause of action or not. The replevin suit is not in the name of the original vendors of the goods, but in the name of Codey, an assignee. The assignment

of a claim of such a nature, and its prosecution through an assignee, unexplained, give it a shadowy and fictitious hue, and the serious abuse of the process raises still further question of its good faith.

It is urged that the trustee in bankruptcy can be substituted as defendant in place of the bankrupt under section 11b of the bankrupt act, and that by section 23b any suit by the trustee in reference to this property must be prosecuted in the state courts. Even if these contentions were correct it would still be necessary to stay those proceedings until the trustee in bankruptcy could be chosen. But it is doubtful if any adequate relief would be afforded to the trustee by being substituted when chosen in the place of the bankrupt as defendant. In the state court, were the plaintiff's suit defeated, the property would be awarded to the voluntary assignee, unless that court could collaterally in effect adjudicate on the title as between the bankrupt and the assignee, which in the absence of any adjudication in the particular case in this court, it is doubtful whether the state court would be inclined to do.

Nor in my judgment is the contention correct that the trustee could only sue the sheriff in the state courts for abuse of the process. Section 23b is expressly limited to suits which the bankrupt himself "might have brought if proceedings in bankruptcy had not been instituted." The bankrupt, in consequence of his voluntary assignment, could not have brought any suit against the sheriff for this trespass; nor could he bring any suit to declare the assignment void as to creditors, or as respects the bankrupt law; nor any suit to prevent the appropriation of the value of the other materials and labor, admixed possibly with the vendor's flannel, from being appropriated for Codey's benefit to the prejudice of other creditors, such as might be maintained in a court of bankruptcy, as in a court of equity. It is in that court under section 2 that such controversies should be determined, where the severe rule of law as regards title by accretion or admixture, which is enforced justly, it may be, against the wrongdoer (Silsbury v. McCoon, 3 N. Y. 379; Guckenheimer v. Angevine, 81 N. Y. 394; Cavin v. Gleason, 105 N. Y. 261, 11 N. E. 504; Joslin v. Cowee, 60 Barb. 48; Hyde v. Cookson, 21 Barb. 92), is not applicable as against creditors or other vendors having equal or superior rights (Bank v. Goddard, 131 N. Y. 502, 30 N. E. 566; Bank v. Dunn, 97 N. Y. 149, 159).

The motion is denied.