## MURRAY v. BEAL.

### (District Court, D. Utah. November 13, 1899.)

### No. 191.

1. **BANKRUPTCY—JURISDICTION—SUITS BY TRUSTEE.**

    Bankruptcy Act 1898, § 23b, providing that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted," is to be strictly construed, as being a limitation upon the general grant of jurisdiction to the courts of bankruptcy in other parts of the act; and this provision applies only to suits upon causes of action originally vested in the bankrupt, and which he might have maintained if there had been no adjudication in bankruptcy, and not to suits upon causes of action created by the bankruptcy proceedings, or vesting originally in the trustee as trustee. Of the latter the courts of bankruptcy have jurisdiction.

2. **SAME—BILL IN EQUITY—SHOWING JURISDICTION.**

    On demurrer to a bill in equity brought in the court of bankruptcy by a trustee in bankruptcy to quiet his title to a part of the assets of the estate in bankruptcy as against a claim of the defendant, where the bill did not affirmatively show that the right of action was one vesting originally in the trustee, or that it was not one originally accruing to the bankrupt himself, *held*, that the demurrer should be sustained, with leave to the plaintiff to file an amended bill.

In Equity. On demurrer to bill in equity filed by plaintiff as a trustee in bankruptcy.

W. R. Hutchinson, for plaintiff.

W. T. Gunter and Ephraim Hanson, for defendant.

MARSHALL, District Judge. The plaintiff, as trustee of the estate of a bankrupt, instituted this suit to quiet his title to a part of the assets in bankruptcy against a claim of the defendant. A demurrer has been interposed to the bill on the ground of a want of

jurisdiction in the court. The question raised is important, and has been differently answered by the several courts before which it has come.

Among the powers conferred by section 2 of "An act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898, on the district courts of the United States as courts of bankruptcy, is authority to "cause the estate of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided." Section 2, subd. 7. In the absence of some limitation on this grant of power, the district court, having assumed the administration of the bankrupt estate, would have jurisdiction of suits to determine all adverse claims thereto. This jurisdiction would rest upon the same principle as that of a court, which has taken charge of property through its receiver, over suits relating to that property, or to property rights vested in the receiver. Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008; White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018. The court of bankruptcy is charged with the administration of the bankrupt's estate. It must cause it to be reduced to money and distributed. It is evident that under its orders expense must be incurred, either in the ordinary administration of the estate, or under the power to "authorize the business of bankrupts to be conducted for limited periods by receivers, the marshals or trustee, if necessary in the best interests of the estates." Section 2, subd. 7. If the title to real property of the estate be clouded by an adverse claim, it would ordinarily be necessary to determine that claim before the property could be reduced to money. If the court of bankruptcy cannot entertain such a suit, it might be that by the decree of another court the entire property of the estate, in view of which expense had been incurred, would pass out of its hands. This result is at variance with the established principles regulating the administration of property by courts of equity. It is only to the extent that congress has clearly so provided that it can be held to be the law. All presumptions are the other way.

But the jurisdiction granted by subdivision 7 of section 2 of the act is expressed to be "except as herein otherwise provided." Section 23b is doubtless referred to. That section provides:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant."

Since the grant of power to courts of bankruptcy should be liberally construed, in order that the act may have the beneficial effect intended, and be capable of harmonious execution, section 23b (an exception to that grant) should be strictly construed. In Epps v. Epps, 17 Ill. App. 196, the court said:

"It would seem that the same policy which dictates a liberal construction of the statute in furtherance of its general beneficial purpose would necessitate a restricted construction of an exception by which its operation is limited and abridged."

In U. S. v. Dickson, 15 Pet. 141–165, the supreme court of the United States had under consideration a statute allowing receivers of the public money 1 per cent. on the money received, as compensation for clerk hire, receiving, safe-keeping, and transmitting of such money. To this was added a proviso "that the whole amount which any receiver of public moneys shall receive, under the provisions of this act, shall not exceed for any one year the sum of $3,000." It was held that the proviso limited the sum to be annually retained by each individual receiver, and not by the incumbents of the office, where there were more than one within the year. In delivering the opinion of the court, Mr. Justice Story said:

"We are led to the general rule of law which has always prevailed, and become consecrated almost as a maxim in the interpretation of statutes, that where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms. In short, a proviso carves special exceptions only out of the enacting clause, and those who set up such exceptions must establish it as being within the words as well as within the reason thereof."

Without any violence to the language of section 23b, it may be construed as relating wholly to suits which the bankrupt might have brought if there had been no adjudication in bankruptcy,—to rights of action once existing in the bankrupt. As so construed, it leaves a substantial operation to the grant of jurisdiction in section 2, subd. 7. If the bankrupt, within four months before the filing of a petition in bankruptcy, or after the filing of the petition and before the adjudication, shall have transferred any of his property with intent to defraud his creditors or to prefer any creditor, or has permitted any creditor to gain a preference through legal proceedings, and the transfer or proceeding is taken with knowledge of the intent to prefer, it is voidable by the trustee. A general assignment of the bankrupt's property for the benefit of his creditors would, under similar circumstances, be voidable. The right of action would never have been in the bankrupt. In the instances stated, except the first, it is only as against a trustee in bankruptcy that the fraud would be possible, and the right of action would be an original one in the trustee. A suit brought to avoid such a transfer or preference, and to recover the property transferred, is not one which the bankrupt "might have brought or prosecuted * * * if proceedings in bankruptcy had not been instituted," and therefore is not one of the suits contemplated in section 23b. That section must be restricted to suits to enforce rights of action once existing in the bankrupt, and vested in the trustee pursuant to the adjudication in bankruptcy.

The authorities on this question are not harmonious. The conclusion here reached is supported by the following cases: In re Gutwillig (D. C.) 90 Fed. 481; In re Brooks (D. C.) 91 Fed. 508; Carter v. Hobbs (D. C.) 92 Fed. 594; Lowell, Bankr., p. 411. In the case of In re Sievers, 91 Fed. 366, Judge Adams, in a strong opinion, held that section 23b did not apply to suits brought in the district court, but only to suits in the circuit court. This holding was not necessary, however, to a decision of the case before him. The case was affirmed on appeal, sub nomine Davis v. Bohle, 34 C. C. A. 272, 92 Fed. 325,

without noticing this question. In Burnett v. Mercantile Co. (D. C.) 91 Fed. 365, and in Mitchell v. McClure, Id. 621, it was held that the court of bankruptcy had no jurisdiction to entertain a suit by a trustee to recover property transferred by the bankrupt in fraud of his creditors. In the first case cited it is said:

"It is argued that because the bankrupt cannot maintain a suit to set aside a conveyance as fraudulent, made by himself, therefore the provision quoted does not apply in a case like this. But this is a question of jurisdiction,—a question of the right to determine, not of the principles to obtain in reaching a determination. If the bankrupt himself brought the suit, he could not be turned out of court on the question of jurisdiction."

It is rather a question of ascertaining the intent of congress as expressed in section 23b. The word "suits" is used. The context shows that the suits contemplated were those in vindication of the bankrupt's rights of action. The ordinary canons of statutory construction, as applied to this section, require that it should not be extended beyond its plain purport. Ryan v. Carter, 93 U. S. 78. In Bernheimer v. Bryan, 35 C. C. A. 592, 93 Fed. 767, the court of appeals answered in the negative the following question:

"Did the district court, as a court of bankruptcy, have jurisdiction to try the title to the goods involved in this controversy by summary proceedings, seizure of the goods, and a rule to account entered against the adverse claimant?" Page 598, 35 C. C. A., and page 780, 93 Fed.

This answer left intact the question here presented. Under the bankruptcy act of 1867, the jurisdiction of the court of bankruptcy of suits like the present one was undoubted, and yet it was held by the supreme court of the United States that the matter could not be decided summarily on motion or petition. Smith v. Mason, 14 Wall. 419. As was said in Marshall v. Knox, 16 Wall. 551, 556:

"We think that it could not have been the intention of congress thus to deprive parties claiming property, of which they were in possession, of the usual processes of law in defense of their rights."

So far as the court went beyond this question in argument, the opinion is merely dictum. The same question was presented and similarly decided by the same court in Camp v. Zellars, 36 C. C. A. 501, 94 Fed. 799.

Goodier v. Barnes (C. C.) 94 Fed. 798, is cited in support of the demurrer. That was a suit in the circuit court, and not in the court of bankruptcy. In the opinion it is said:

"A persuasive argument, sustained by several recent decisions, can be advanced in favor of the jurisdiction of the district court in these cases; but this conclusion, if affirmed, will not aid the complainant."

The case does not support the demurrer.

Other cases might be noticed in which it has been held that the court of bankruptcy has no jurisdiction by summary proceedings to determine adverse claims of third parties to the property of the bankrupt estate, but, for the reasons before stated, they leave unaffected the question here presented for decision. No summary proceeding is here attempted. The usual process of the court is invoked.

If the bill is examined in the light of the distinction drawn between rights of action of the bankrupt transferred by the adjudica-

tion in bankruptcy to the trustee, and of which the court of bankruptcy would have no jurisdiction, and rights of action original in the trustee, of which it has jurisdiction, it will be seen that it does not affirmatively appear that the right of action did not originally accrue to the bankrupt. It is not alleged that the property was conveyed by the bankrupt in fraud of his creditors, or with intent to create a preference. The nature of the adverse claim is not stated. The court is of limited jurisdiction, and the plaintiff who invokes that jurisdiction must affirmatively state the facts necessary to its exercise. The demurrer will be sustained, with leave to the plaintiff to file an amended bill within 10 days.