PEPPERDINE V. HEADLEY.  863

<hr />

PEPPERDINE v. HEADLEY et al.

(District Court, W. D. Missouri, S. D. January 5, 1900.)

No. 165.

1. BANKRUPTCY—JURISDICTION—SUITS BY TRUSTEES.

A district court of the United States, as a court of bankruptcy, has jurisdiction of a bill in equity by a trustee in bankruptcy against the bankrupt and a third person, to set aside a conveyance made by the bankrupt to his co-defendant, on the ground of its being fraudulent as to creditors, although the parties are all citizens of the same state.

2. SAME—CONSTRUCTION OF STATUTE.

Bankr. Act 1898, § 23b, providing that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted," is to be strictly construed, as being a limitation upon the general grant of jurisdiction to the courts of bankruptcy in other parts of the act; and this provision applies only to suits upon causes of action originally vested in the bankrupt, and which he might have maintained if there had been no adjudication in bankruptcy, and not to suits upon causes of action created by the bankruptcy proceedings, or vesting originally in the trustee as trustee.

On Demurrer to Bill in Equity. This is a bill in equity filed by the complainant as trustee in bankruptcy of the estate of Frank E. Headley, bankrupt. The purpose of the suit is to set aside conveyances made by the bankrupt to the co-defendants O. M. Headley and Joseph D. Sheppard on the ground that the transfers were made in fraud of the creditors of the bankrupt, and for other special relief against the other co-defendants as mortgagees under said grantees. As the complainant as well as the defendants are resident citizens of said district and division, the defendants demur to the

bill on the principal ground that the district court has not jurisdiction over the subject-matter of the suit.

Massey & Tatlow, for complainant.

Jas. R. Vaughan and McLain Jones, for defendants.

PHILLIPS, District Judge.  This presents for decision what has been a vexata quæstio to the courts ever since the present bankrupt act was passed.  There is a general consensus of opinion that the jurisdiction over the subject-matter of this suit would inhere in the courts of bankruptcy under the general powers conferred by section 2 of the act.  In respect of the jurisdictional powers conferred on such courts, this section is but little different in its scope from that of the act of 1867, under which all are agreed that the power to entertain jurisdiction in the present case existed.  The controversy arises by reason of the words in subsection 7 of said section 2, to wit, "except as herein otherwise provided," which evidently refer to section 23b, which declares that "suits by the trustee shall only be brought or prosecuted in courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if the proceedings in bankruptcy had not been instituted, unless by the consent of the proposed defendant."  The construction given to this section by Judge Marshall in Murray v. Beal (D. C.) 97 Fed. 567, accords with the conclusion which I had reached touching this statute; and it is so concisely and perspicuously expressed, and so supported by authority and reason, that it would be but a work of supererogation for me to undertake to augment its force.  The argument is that where there is a general grant of jurisdictional power to the bankrupt courts, as expressed in section 2 of the act, it should be liberally construed in favor of such jurisdiction, where it is essential to the effectual accomplishment of the design of its beneficial purposes, and therefore an exception by which its operation is abridged or impaired should receive a restricted construction.  And it might be added that especially should this rule obtain when the liberal or enlarged construction of the exception would lead to absurdity or contradiction.  Literally construed, the language employed in the exception might with great plausibility be said to convey the idea that, in case of an antecedent fraudulent transfer of property by a bankrupt debtor, no suit to vacate it and subject the property to distribution among the creditors could be maintained at all by the trustee in bankruptcy.  The power conferred by this exception upon the trustee is to sue "only" in such courts as the bankrupt himself could have sued "if the proceedings in bankruptcy had not been instituted."  The grantor would have no standing in any court to assail and vacate his fraudulent transfer of property.  Regardless of the question of diverse citizenship and other conditions which under the general judiciary act would authorize the bankrupt to sue in the federal court, he could not maintain such suit in any court, state or federal.  Therefore a suit like this, to avoid such transfer or preference, and to subject the property to distribution among

the debtor's creditors, is clearly not one which the bankrupt "might have brought or prosecuted * * * if proceedings in bankruptcy had not been instituted." And for this reason it is not a suit contemplated by section 23b. The conclusion reached in the case supra is that that section "must be restricted to suits to enforce rights of action once existing in the bankrupt, and vested in the trustee pursuant to the adjudication in bankruptcy." This construction of the statute is sensible and practical, and commands my assent. It results that as there never was any right of action in the bankrupt to avoid his fraudulent transfer of his property, but as such right of action is conferred by the bankrupt act upon the trustee, the jurisdiction to adjudicate this question exists in the district court. The demurrer, therefore, is overruled.