## Case No. 2,192.
### BURR v. HOPKINS.
[6 Biss. 345;[1] 12 N. B. R. 211; 7 Chi. Leg. News, 266.]

Circuit Court, E. D. Wisconsin. April, 1875.

BANKRUPTCY—SURRENDER OF PROPERTY AND PROOF OF DEBT.

1. In a case simply of constructive fraud, a mortgagee who has taken the mortgaged property and held it until a trial and finding against him in favor of the assignee, but who then, and before judgment, surrenders the property, may be allowed to prove his debt in bankruptcy.

[Cited in Re Graves, 9 Fed. 821, as conflicting with the modern authorities. Approved in Re Cadwell, 17 Fed. 694.]

2. In this case he was ordered to pay a reasonable fee to the counsel for the assignee, and all costs and special expenses.

[In bankruptcy. Application by Elisha S. Burr for leave to prove a claim against the estate of R. D. Traphagen, of which Otis B. Hopkins is assignee. The district court disallowed the claim, and the creditor appealed. Reversed.]

---

[1][Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Mariner, Smith & Ordway, for appellant.
Winfield Smith, for respondent.

DRUMMOND, Circuit Judge. Before the petition in bankruptcy in this case was filed, the bankrupt had given a mortgage on some personal property to Burr. After the decree in bankruptcy and the appointment of the assignee, the latter made application to Burr, who had taken possession of the property under the mortgage, to release it on the ground that the mortgage was made in violation of the bankrupt law, and claiming that the property which it covered should be turned over to the assignee. This was declined by Burr, and thereupon the assignee brought a suit in this court to recover the value of the property. The case was heard in March, 1874, without the intervention of a jury, and the court found that the mortgage was contrary to the provisions of the bankrupt law. Before any judgment was rendered, the defendant in that suit—the present plaintiff—paid the value of the property as found by the court and costs in the case, and the suit was afterwards dismissed without any judgment having been rendered. Under those circumstances the present plaintiff tendered proof of the original claim which the mortgage was given to secure. It consisted of several promissory notes. Upon application to the district court the claim was disallowed, because the mortgage which was given to secure the notes had been executed in violation of the bankrupt law, and therefore the court held that he was deprived of the right to prove the claim against the estate of the bankrupt. From the order of the district court an appeal has been taken, and the question now before the court is, whether or not that order was correct. As the case was tried before me, I am acquainted with the particular circumstances which appear in the case, and gave rise to the questions of law upon which it was decided in the district court.

There was not, in fact, any actual fraud committed by the mortgagee. It was only a case of constructive fraud, and by no means free from difficulty, as was stated by the court at the time. The statute upon the subject declares that the party who has received benefit from the transfer of property or by the execution of an instrument in violation of the provisions of the bankrupt law, shall not be entitled to prove his claim if he is a creditor, unless he surrenders the property. The language is: "Any person who * * * accepted any preference, having reasonable cause to believe that the same was made or given by the debtor, contrary to any provision of the act * * * shall not prove the debt or claim on account of which the preference is made or given, nor shall he receive any dividend therefrom until he shall first surrender to the assignee all property, money, benefit or advantage received by him under such preference." Act

[1867] § 23 [14 Stat. 528]; Rev. St. U. S. 1874, § 5084. It is under this section that Burr seeks to make the proof of claim against the estate of the bankrupt in this case. He says he has surrendered all the property that he obtained by virtue of the mortgage, and the question is, whether the circumstances which have been detailed are such as to bring him within the privilege conferred by this section of the bankrupt law. It is to be observed that no time is fixed by the statute when the surrender is to be made. The construction which has been given to this section is, that the surrender must be made before the assignee shall recover the property which has been wrongfully conveyed by the bankrupt. Now in this case there was a trial before the court, and the issue was found. There was no judgment rendered. Was there within the meaning of the law a technical recovery of the value of the property, so as to preclude the creditor from proving his claim against the estate? My view of the law is, that in the absence of any actual fraud committed by the person seeking to prove his claim, and where it may be fairly said there is a serious doubt upon a question of law—where, in other words, there is nothing but a constructive fraud, and the creditor has acted in good faith and under the conviction that he has a valid right to retain the property —that he may do so, and may even allow a suit to be prosecuted, and proof to be introduced against him, and not be deprived of the benefits conferred by the section referred to. It is often a very nice question, among lawyers and judges, whether in a given case a party is within the condemnation of the statute. There are some cases where it may be said there can be no real controversy, but in others there may be difficult questions to determine; and to say, that if a party in good faith, believing that he has a valid claim on property, resists the right set up by the assignee, even after the commencement and prosecution of a suit, he is thereby deprived of the right of proving his claim, if the court shall find that he has committed a technical offense against the law, seems to me to be a rather hard rule. Where there is actual fraud there should be no hesitation under the provisions of the law, as they existed at the time this case was tried. But I am not prepared to say, because the party or his counsel has made a mistake as to his rights [if he has acted in good faith], and it is simply a question of constructive and not actual fraud, that he is to be deprived of the right to prove his claim. As soon as the opinion of the court was ascertained, he at once submitted and then surrendered all the property or its value.

If he had allowed the case to go to judgment, possibly it might have been different. There have been numerous cases decided under this section of the statute. They are nearly all to be found as a note to section 5084, on page 557 of the seventh edition of Bump's Bankruptcy, and it is sufficient to say that there is nothing in these decisions, taking them altogether, to prevent me from deciding this case according to what I conceive to be the true equitable rule. I have seen no case which compels me to hold that this mortgagee is precluded from filing his claim against the estate. Again, I cannot disregard the view which congress has since taken of the subject. In the amendment which is made to the bankrupt law by the act of June 22, 1874 [18 Stat. 180], congress has gone, perhaps some persons might think, too far. And although this amendment was not in force at the time that this mortgage was made, or even at the time that the case was tried before the district court, still we may look into it for the purpose of seeing what congress was inclined to do at the time this amendment was passed. It amended the 39th section of the law, in several important particulars, and among other amendments was this: "If such person shall be adjudged a bankrupt, the assignee may recover back the money or property so paid, conveyed, sold, assigned, or transferred contrary to this act; provided, that the person receiving such payment or conveyance had reasonable cause to believe that the debtor was insolvent, and knew that a fraud on this act was intended; and such person, if a creditor, shall not, in case of actual fraud on his part, be allowed to prove for more than a moiety of his debt." Rev. St. U. S. 1874, § 5021. That may be thought to be going very far, in actual fraud —allowing a person to prove for one-half of his debt. However, while reversing the order of the district court, I desire to provide for the protection of the estate. The estate should not be prejudiced by a prosecution which could not be successfully maintained, as the result proved. The money was all paid, the costs were also paid, and the only thing that remains is any other expense to which the estate has been subjected by the prosecution of the suit in the circuit court, so I shall remit the case to the district court, with instructions to allow the mortgagee, Mr. Burr, to prove his claim, upon the payment to the assignee of a reasonable compensation for the counsel who prosecuted the case, and also for any special expenses that the assignee may have been subjected to in consequence of that prosecution.

I am of opinion that it makes no difference whether the mortgage was adjudged constructively fraudulent under what is termed the statute of Elizabeth, as re-enacted in this state, or under the special provisions of the bankrupt law.