MITCHELL v. McCLURE et al.

(District Court, W. D. Pennsylvania. February 4, 1899.)

No. 10.

BANKRUPTCY—JURISDICTION OF DISTRICT COURT—REPLEVIN.

Under the bankruptcy act of 1898 (30 Stat. 552), a federal district court has no jurisdiction of an action of replevin, brought by a receiver or trustee in bankruptcy, to recover the possession of personal property alleged to belong to the bankrupt, but held adversely by the defendant under a claim of title thereto.

In Bankruptcy. Sur motion to abate writ of replevin.

Thomas Patterson, for receiver.

J. S. & E. S. Ferguson, for respondents.

BUFFINGTON, District Judge. A petition in bankruptcy having been filed in this court against one J. McD. Scott, Mr. S. D. Mitchell was appointed receiver. Thereafter said Mitchell, as receiver, brought the present action of replevin in the district court, against John Mc-Clure and others, to recover certain personal property. All parties are citizens of Pennsylvania. The defendants move to abate the writ on the ground of lack of jurisdiction in the district court. The motion involves the right of the plaintiff, as receiver or as trustee (for he has since been so made, and could be substituted as such), in a proceeding in bankruptcy, to maintain in the district court an action of replevin for alleged property of the bankrupt held adversely under claim of title. What the jurisdiction of the district court sitting as a court of bankruptcy may be in other forms of procedure, or what its power to reclaim or otherwise take possession of a bankrupt's property, are questions not now before us. The present one is as to the jurisdiction of the district court to entertain a plenary, common-law action.

While such question, as affected by the present law, is new, light is thrown upon it by the views announced by the supreme court of the United States on analogous jurisdictional questions, under the act of 1867. In conferring jurisdiction on the district court, that act provided, "The jurisdiction hereby conferred shall extend * * * to the collection of all assets of the bankrupts." 14 Stat. 517.

In Morgan v. Thornhill, 11 Wall. 75, the right of appeal depended on what particular statutory provision vested jurisdiction. The third clause of section 2 of the act provided:

"Said circuit courts shall also have concurrent jurisdiction with the district courts of the same district, of all suits at law, or in equity, which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt transferable to, or vested in, such assignee." 14 Stat. 518.

After a full discussion of the act, it was held that the district court's jurisdiction in a plenary suit was based, not on the provision extending jurisdiction "to the collection of all the assets of the bankrupts," but to the clause above quoted. In reaching such conclusion, speaking of the prior clause, which conferred a supervisory jurisdiction on the

circuit court in cases and questions arising under the act, the court said:

"Apart from those two provisions, the third clause of the section provides that circuit courts shall also have concurrent jurisdiction with the district courts of all suits at law or in equity which may or shall be brought by the assignee in bankruptcy against such assignee touching any property or rights of property of such bankrupt transferable to or vested in such assignee. Controversies, in order that they may be cognizable under that clause of the section, either in the circuit or district court, must have respect to some property or rights of property of the bankrupt transferable to or vested in such assignee; and the suit, whether it be a suit at law or in equity, must be in the name of one of the two parties described in that clause, and against the other. All three of those conditions must concur to give the jurisdiction; but, where they all concur, the party suing may, at his election, commence his suit either in the circuit or district court; and, if in the latter, it is clear that the case, when it has proceeded to final judgment or decree, may be removed into the circuit court for re-examination by writ of error if it was an action at law, or by appeal if it was a suit in equity, provided the debt or damage claimed amounts to more than $500, and the writ of error is seasonably sued out, and the plaintiff in error complies 'with the statutes regulating the granting of such writs' (14 Stat. 520, § 8), or the appeal is claimed and the required notices are given within 10 days from the judgment or decree. * * * Independent of the bankrupt act, the district courts possess no equity jurisdiction whatever, as the previous legislation of congress conferred no such authority upon those courts since the prior bankrupt act was repealed. Whatever jurisdiction, therefore, they possess in that behalf, is wholly derived from the bankrupt act now in force. Undoubtedly, the jurisdiction conferred by the third clause of the second section is of the same character as that conferred upon the circuit courts by the eleventh section of the judiciary act; and it follows that final judgments in civil actions and final decrees in suits in equity rendered in such cases, where the sum or value exceeds $2,000, exclusive of costs, may be re-examined in this court when properly removed by writ of error or appeal, as required by existing laws. 'Concurrent jurisdiction with the district courts of all suits at law or in equity' are the words of that clause, showing conclusively that the jurisdiction intended to be conferred is the regular jurisdiction between party and party, as described in the judiciary act and the third article of the constitution."

This construction was followed in Smith v. Mason, 14 Wall. 430, was recognized in Marshall v. Knox, 16 Wall. 556, and is of authoritative force to-day. Presumably with knowledge of these decisions, the present act was passed by congress. That act invested district courts "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation, in chambers, and during their respective terms as they are now and may hereafter be held, to * * * cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided." 30 Stat. 545. The language thus employed, "cause the estates of bankrupts to be collected," is not broader, if indeed as broad, as that in the former act; for it may be said that a jurisdiction extended "to the collection" of assets implies a grant of power to the authorized court to itself enforce such collection, while a grant of power "to cause estates to be collected" necessarily carries with it no such implication. But, assuming they are substantially the same, why should the words of the later act be given a construction which corresponding ones did not have under the former? The absence, too, in the

new act of a jurisdictional grant of power to bring plenary suits corresponding to the third clause of section 2 of the former act, quoted above, is also suggestive of a purpose in congress not to grant such power. But this is not all. In the twenty-third section of the present act (30 Stat. 552) we find a much narrower grant of federal jurisdiction, and that to the circuit court alone. That section, which by its caption refers to the "Jurisdiction of United States and State Courts," by subdivision (a) limits the jurisdiction of the circuit court between trustees as such and adverse claimants, concerning property acquired or claimed by trustees, to cases where such court would have had jurisdiction had such controversy been between the bankrupt and such adverse claimants, and no proceedings in bankruptcy been instituted. Subdivision (b) expressly restricts suits brought by a trustee to a court where a bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted. To that extent it limits jurisdiction in both circuit and district courts. Such restrictions of federal jurisdiction, as compared with the broad jurisdictional provisions of the former act, and the further positive requirement that suits by the trustee shall be brought in courts where the bankrupt could have done so, evidence the intent of congress that other courts beside the circuit and district ones could, and in some cases must, be resorted to in causing the estates of bankrupts to be collected. To attribute to that part of section 2, viz. "cause the estates of bankrupts to be collected," etc., the sweeping effect here claimed, viz. to authorize the district court to entertain jurisdiction of a plenary, common-law action, is to ignore the limiting provisions of section 23, which by its caption refers to the "Jurisdiction of United States and State Courts."

To say that our construction of the act shears the district court of its power to administer the bankrupt law, even if it were true, is no reason to construe it otherwise. The remedy for such an evil, if it exists, is to be sought from congress, and not in strained judicial construction. The action is for the possession of personal property. On the face of the pleadings no reason appears why the bankrupt could not have brought replevin in the common pleas of Pennsylvania. If such be the case, clause (b) of section 23 provides that, where suit is brought, the bankrupt's trustee should resort to that court. It is contended, however, that this section does not apply to the present action, because the bankrupt, having conveyed these goods in fraud of his creditors, had no standing to question the defendant's title; that the right of action vested in the bankrupt's receiver or trustee never was in the bankrupt, and consequently clause (b) has no application. Possibly, a sufficient answer to this contention is that such a defense goes to defeat the action, and not to affect jurisdiction. But, assuming this section does not apply, the plaintiff must still show that the district court is by the act elsewhere vested with jurisdiction in this plenary, independent action of replevin. After matured consideration, we have reached the conclusion that the act does not grant such jurisdiction, either by express words or by necessary implication, and the motion to abate is therefore granted.