## In re FRANCIS–VALENTINE CO.

### (Circuit Court of Appeals, Ninth Circuit. May 16, 1899.)

### No. 538.

1. BANKRUPTCY — DISSOLUTION OF LIENS — POSSESSION OF PROPERTY UNDER LEVY.

Where actions are begun in a state court, and writs issued and levied on property of an insolvent debtor, within four months before the institution of proceedings in involuntary bankruptcy against him, the trustee is entitled to recover possession of such property from the sheriff holding the same under the levy, notwithstanding the pendency of an action of replevin in a state court against the sheriff by a stranger claiming ownership of the property; and the court of bankruptcy has jurisdiction to order the surrender of the property on summary petition by the trustee.

2. SAME—SHERIFF'S FEES.

A sheriff, holding property of an involuntary bankrupt under writs levied within four months before the commencement of the proceedings in bankruptcy, has no right, as against the trustee, to retain possession of the property until payment of his fees. Such fees are taxable in the court from which the writs issued, and, when there taxed and allowed, may be made the basis of a claim in the court of bankruptcy.

Petition for revision of an order of the district court of the United States for the Northern district of California, in bankruptcy. For opinion of the court below, see 93 Fed. 953.

Reddy, Campbell & Metson, for petitioner.

Gordon & Young, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The jurisdiction conferred upon this court by subdivision b of section 24 of the bankruptcy act of July 1, 1898, is invoked in behalf of Richard I. Whelan, formerly the sheriff of the city and county of San Francisco, in a petition which shows that, at the time when the Francis-Valentine Company was adjudged a bankrupt, certain of its property was in the possession of the said Whelan, as sheriff, having been levied upon by him under writs of attachment and executions issued out of the superior court of the state of California in and for the city and county of San Francisco in actions then pending, in which the bankrupt had been the defendant; that on April 10, 1899, the trustee of the estate of said bankrupt, under appointment of the district court of the United States for the Northern district of California, filed in said district court an affidavit setting forth the facts that the trustee had taken possession of said estate under the provisions of the bankruptcy law, and that the said Whelan claimed to be in possession of portions of said property, and was interfering with the trustee's possession of the same; that upon said affidavit an order was made requiring the said Whelan to show cause why an order should not be made commanding him not to interfere with or disturb the trustee's possession of the bankrupt's property; that upon the order to show cause the sheriff alleged his right to the possession of the property to consist in the fact that he held the same under writs of attachment and execution on behalf of certain creditors of the bankrupt, and so held

the same on the day when said corporation was adjudged a bankrupt, and that the said writs were not dissolved by the adjudication in bankruptcy, and that he still possessed the right to retain the possession of said property, and had been notified by the plaintiffs in said actions not to surrender the possession of the same. He further alleged that prior to the adjudication of the bankruptcy, and while he held said property under said writs, the American Type Founders' Company commenced against him an action of claim and delivery in the superior court of the city and county of San Francisco, state of California, to recover the possession of a portion of said attached property, consisting of a printing press, which said American Type Founders' Company claimed to own; that in said action, upon due proceedings had, and filing an undertaking therefor, the said printing press was taken from the possession of the said sheriff; that thereafter the said sheriff, as defendant in said action, pursuant to law, did file a bond in the sum of $4,000 for the return of the said printing press to him, whereupon it was returned to his possession; that he would have sold the same upon said writ on October 12, 1898, but for a writ of injunction forbidding the sale, issued out of the said district court in proceedings against said bankrupt; that the action of claim and delivery commenced by the American Type Founders' Company is still pending and undetermined.

Upon the petition filed in this court it is contended: First, that the district court had no jurisdiction upon an order to show cause to take the property from the petitioner's possession while he was still holding the same under said writs; second, that the district court had no jurisdiction by such proceedings to summarily adjudicate the title to a portion of said property to be in the bankrupt's estate, while an action in replevin was pending against the petitioner in a court of competent jurisdiction under a claim of ownership in the plaintiff in said action, for the reason that, if judgment be rendered in said action against the petitioner, he will be required to answer for property which has been taken from him without due process of law.

In support of the first contention the petitioner cites and relies upon certain cases, of which the principal is Marshall v. Knox, 16 Wall. 551. In that case a lessor of the bankrupt had caused the sheriff, under a writ of provisional seizure, to take possession of certain property of the bankrupt, which the lessor claimed the right to hold as a pledge for the payment of rent which was due him. It was held that the district court, sitting in bankruptcy, had no jurisdiction to proceed by rule to take the goods from the possession of the sheriff. The court, referring to the seizure of the goods, said: "The landlord claimed the right thus to hold possession of them until his rent was satisfied. This claim was adverse to that of the assignee." These words quoted from the opinion fully explain the ground of the decision. It was because the claim was adverse to that of the assignee. In the present case the sheriff had possession, not in opposition to the right of the bankrupt, nor in antagonism to its title, but his possession was based entirely upon the assumption that the title was in the bankrupt. Upon the adjudication of bankruptcy the sheriff's right to the possession terminated, for the

writs were dissolved, and upon the appointment of a trustee in bankruptcy the right to the immediate possession vested in the latter. There was no question of conflicting claims to be adjudicated by the district court. Nor had the sheriff the right to retain the possession of the property until his fees were paid. His claim for fees, and his lien therefor, if he has one, will be protected in the court of bankruptcy. No difficulty is presented from the fact, suggested by the petitioner, that the sheriff's costs had not been taxed, and that the district court had not the jurisdiction to tax the same. His fees were still taxable in the court in which the writs were issued, and, as allowed in that court, will be the basis of his claim in the bankruptcy court.

The pendency of the action of replevin against the sheriff on behalf of the American Type Founders' Company is not ground for holding that the portion of the property involved in that litigation shall not be delivered to the trustee. The possession which the sheriff had of that property was not for the benefit of the American Type Founders' Company, but was antagonistic to it. The intervention of bankruptcy devested the sheriff of his possession, just as it would have devested the possession of the bankrupt itself in case a like action had been commenced against the bankrupt by the same party plaintiff. The sheriff had no right to the possession of the printing press, except upon the theory that the title was in the bankrupt. The property having been once taken from his possession, upon a proper bond furnished by the American Type Founders' Company, in again securing the possession by a counterbond the sheriff asserted and relied upon the bankrupt's title. The American Type Founders' Company is not a party to the proceeding in the bankruptcy court, and its rights are in no way affected by the order upon the sheriff. It is not represented in the present proceeding. The question is purely one of the respective rights of the sheriff and of the trustee of the estate of the bankrupt. We find no error in the order of the district court, and the petition will be dismissed.