HALL v. KINCELL et al.

(Circuit Court of Appeals, Ninth Circuit.  May 7, 1900.)

No. 583.

BANKRUPTCY—JURISDICTION—SUITS BY TRUSTEES.

Under the general grants of jurisdiction to the district courts of the United States, as courts of bankruptcy, in the bankruptcy act of 1898, such a court has jurisdiction of a bill in equity by a trustee in bankruptcy to set aside a conveyance of property previously made by the bankrupt, and alleged to have been fraudulent as to his creditors and preferential in character; and such jurisdiction is not taken away or limited by the provision of section 23b that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted."

Appeal from the District Court of the United States for the Southern District of California.

On April 15, 1899, F. J. Kincell, one of the appellees herein, was adjudged a bankrupt by the United States district court for the Southern district of California, under the provisions of the bankruptcy act of July 1, 1898. Thereafter, on May 9, 1899, F. G. Hall, appellant herein, was elected trustee of the estate of said bankrupt. About one month before his adjudication in bankruptcy, the said Kincell conveyed to his wife, Elizabeth Kincell, by deed, certain real property, of the value of about $4,000, in payment of his promissory notes which she held in the sum of $1,600. Within a few days after the receipt of this deed, to wit, March 17, 1899, the said Elizabeth Kincell mortgaged the said real property to the Riverside Savings Bank & Trust Company, appellee herein. On July 6, 1899, the appellant, as trustee of the said bankrupt estate, commenced an action in the United States district court for the Southern district of California against the appellees herein; alleging that the said deed from the bankrupt to his wife, and the mortgage by her to the bank and trust company, constituted an unlawful preference of a creditor of the said F. J. Kincell, and an unlawful conveyance of the said property of said bankrupt within four months of his adjudication in bankruptcy, and were in fraud of other creditors of the said bankrupt, and contrary to the provisions of the bankruptcy act. The prayer of the bill was "(1) that the conveyance aforesaid be adjudged fraudulent and void, and that the same be canceled and set aside, and the record of the same be canceled; and (2) that the premises be adjudged to be released from the lien and operation of the mortgage; or (3) that the defendants pay to plaintiff the value of the said premises, to wit, the sum of four thousand dollars, in gold coin of the United States: and (4) for costs of suit, and for such other and further relief as the court may deem meet and agreeable to equity." The appellees demurred to the bill upon several grounds,—among others, that the said district court had no jurisdiction of the persons or of the subject-matter of said action. Upon this ground alone the court sustained the demurrers, and dismissed the bill for want of jurisdiction. This decision is assigned as error by the appellant, and the case brought into this court for review.

John G. North and E. T. Dunning, for appellant.

E. B. Stanton and Wilfred M. Peck, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after stating the case as above, delivered the opinion of the court.

By the second section of the act of July 1, 1898, entitled "An act to establish a uniform system of bankruptcy throughout the United States" (30 Stat. 544, 545), the district courts of the United States are

made courts of bankruptcy, and invested, within their respective territorial limits, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation, in chambers, and during their respective terms,—among other things, to—

"(7) Cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided;  *  *  *  (15) make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act."     Pages 544, 546.

In addition to the jurisdiction here created in the bankruptcy courts, and the powers granted to such courts in the paragraphs of the section quoted, it is further provided:

"Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

Section 44 provides for the appointment of trustees for bankrupt estates.   These trustees are by sections 1, 33, and 50b of the act made officers of the court; and in section 47 it is made the duty of such trustees, among other things, to—

"(2) Collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest."   Page 557.

Section 67e provides:

"That all conveyances, transfers, assignments, or encumbrances of his property  *  *  *  made or given by a person adjudged a bankrupt  *  *  *  with the intent and purpose on his part to hinder, delay, or defraud his creditors  *  *  *  shall be null and void as against the creditors of such debtor  *  *  *  and all property of the debtor conveyed, transferred, assigned or encumbered as aforesaid, shall, if he be adjudged a bankrupt,  *  *  *  be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors."     Page 564.

Section 70 provides, with respect to the property of the bankrupt, that:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all  *  *  *  (4) property transferred by him in fraud of his creditors."     Page 565.

It appears from these provisions that the powers granted in this statute to the district courts of the United States within their respective territorial limits are the general and specific powers peculiar to a court of bankruptcy having such jurisdiction at law and in equity as will enable it to cause the estates of bankrupts to be collected, determine controversies with respect thereto, and distribute the proceeds of the estate among the creditors of the bankrupt.   The jurisdiction covers the entire subject of bankruptcy proceedings, unless it is somewhere limited or qualified by the statute itself.   That an express limitation

or qualification conferring exclusive jurisdiction elsewhere cannot be found in clear and unambiguous language must be conceded, but it is claimed that it is supplied by interpretation; that the concluding words of clause 7, § 2, "except as herein otherwise provided," point to section 23, where the general power granted to bankruptcy courts to determine controversies that may arise in relation to estates of bankrupts is limited by the qualified concurrent jurisdiction of the United States circuit courts. It is claimed that it is further qualified by an exclusive jurisdiction of the state courts over such cases as the bankrupt might have brought or prosecuted in such courts if bankruptcy proceedings had not been instituted. Section 23 is divided into three paragraphs, and is as follows:

"Jurisdiction of the United States and State Courts. (a) The United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants. (b) Suits by the trustees shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant. (c) The United States circuit court shall have concurrent jurisdiction with the courts of bankruptcy, within their respective territorial limits, of the offenses enumerated in this act." 30 Stat. 544, 552.

The question whether paragraph "b" of this section is a limitation upon the general grant of jurisdiction contained in the second section of the act has been considered in a number of cases arising in various districts, and very different conclusions have been reached as to the proper interpretation of this paragraph.

The first case in which a court interpreted this statute as limiting the jurisdiction of the bankruptcy court is that of Burnett v. Mercantile Co., 91 Fed. 365, in the United States district court for the district of Oregon. The proceeding was by a trustee in bankruptcy to set aside certain conveyances made by the bankrupt in fraud of his creditors. The defendant demurred to the complaint upon the ground that the district court was without jurisdiction, the controversy being one between citizens of the same state. The court held that under section 23 of the bankruptcy act a court of bankruptcy has no jurisdiction of an action by such trustee to set aside a fraudulent conveyance made by the bankrupt to a defendant who is a citizen of the same state with the bankrupt and the trustee. It was argued in that case that, because the bankrupt could not maintain a suit to set aside a conveyance as fraudulent made by himself, therefore the provision quoted did not apply. The court answered this argument by saying that the question before the court was one of jurisdiction, involving the right to determine the controversy, and not a question of the principles that would obtain in reaching such a determination. It was explained by the court that, if the bankrupt himself had brought the suit in the state court, he could not have been turned out of that court on the ground of a lack of jurisdiction. He might have failed to maintain his right of action by reason of his own act, but this defect in his cause of action would not deprive the court of jurisdiction over the case. The court

therefore concluded that section 23b of the bankruptcy act required that suits relating to the validity of conveyances made by the bankrupt prior to bankruptcy proceedings must be brought in the court of the state which would have had jurisdiction of the case had bankruptcy proceedings not been instituted. The only exception to this exclusive jurisdiction of the state court over such cases would be suits between citizens of different states, involving the amount necessary to give the United States circuit court jurisdiction, and suits wherein the proposed defendant consented to being sued in a United States court.

In the case of Mitchell v. McClure, 91 Fed. 621, in the Western district of Pennsylvania, the court took the same view of this statute as in the case just cited, and held that the district court had no jurisdiction of an action of replevin brought by a receiver or trustee in bankruptcy to recover possession of personal property alleged to belong to the bankrupt, but held adversely by the defendant under a claim of title.

In the case of Heath v. Shaffer, 93 Fed. 647, in the Northern district of Iowa, the trustee of a bankrupt brought suit in the district court, as a court of bankruptcy, asking for an injunction to restrain the defendants from further prosecuting in a state court a suit brought by them for the foreclosure of a chattel mortgage executed by the bankrupt. The holder of the chattel mortgage had taken possession of the mortgaged property before the institution of proceedings in bankruptcy against the mortgagor. The court held, under the authority of Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403, construing the bankrupt act of 1867, that the court of bankruptcy would not enjoin the further prosecution of such a suit, but the trustee must appear and assert his right and title in the state court. The question of jurisdiction of the bankruptcy court over the bill brought to test the validity of the mortgage sought to be foreclosed in the state court was referred to by the court, but not determined, although jurisdiction was doubted, for the reason stated in Burnett v. Mercantile Co. and Mitchell v. McClure, supra.

The case of In re Abraham, 35 C. C. A. 592, 93 Fed. 768, in the circuit court of appeals for the Fifth circuit, is cited as an authority in line with these two cases, supporting the proposition that the United States district court, as a court in bankruptcy, has no jurisdiction of a suit by a trustee to set aside a transfer of property made by the bankrupt in violation of the provisions of the bankruptcy act. But the opinion of the court does not go that far. The appeal in the case was treated as a petition for the revision in matter of law of the proceedings of the district court taken upon summary process to try the title to property in the possession of a purchaser from the bankrupt's voluntary assignee, and claimed by the creditors as belonging to the bankrupt estate. The opinion contains a very able and interesting discussion of the law relating to the scope of summary proceedings in the bankruptcy court under the act of 1867, and its limitation under the act of July 1, 1898. All that the court decided was that under the present act the trustee in bankruptcy could not recover from the assignee the property assigned, or its proceeds, on summary petition in the court of bankruptcy, but must proceed by plenary action

at law or in equity, in the proper state court or United States circuit court.

In the case of Hicks v. Knost, 94 Fed. 625, in the Southern district of Ohio, and in the case of Perkins v. McCauley, 98 Fed. 287, in the Southern district of California, the interpretation of section 23 of the bankruptcy act announced in Burnett v. Mercantile Co. and in Mitchell v. McClure, supra, is followed. The objection to the interpretation of the statute adopted in these two cases is that it deprives the district court of a large part of its jurisdiction clearly and distinctly given in the general grant, to exercise original jurisdiction at law and in equity in bankruptcy proceedings in determining controversies in relation to the estates of bankrupts, and to make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the act. The constitutional authority of congress is to establish throughout the United States uniform laws on the subject of bankruptcy, and the title of the present act indicates that it was the intention of congress to make the act as full and complete as the legislative authority upon the subject. The title is, "to establish a uniform system of bankruptcy throughout the United States,"—not an outline, embracing merely the initiative and final proceedings, but a system, operating effectively and uniformly throughout the United States. The courts of the United States have been described as possessing limited jurisdiction, but the limitation is only with respect to the character of the parties and the nature of the subject-matter involved in the suit. When a person has a right to go into a United States court, or the subject is one which can be brought into such a court under the constitution and laws of the United States, the court has the entire power, as a court of equity or as a court of law, to do complete and entire justice between the parties. Curt. Jur. U. S. Cts. p. 129. And this is the power and authority conferred in general and specific terms by this act upon the courts of bankruptcy with respect to the subject of bankruptcy. But it is contended that, after having created this jurisdiction, congress determined, under the guise of a direction to the trustee of the bankrupt estate, to transfer to the state courts nearly the entire jurisdiction relating to the collection of bankrupt estates. This is certainly a remarkable statute, if that is its meaning and purpose. But the weight of opinion is clearly opposed to this view. In the case of In re Gutwillig (D. C.) 90 Fed. 475, an insolvent debtor made a general assignment under the laws of the state of New York, which assignment recited the insolvency of the assignor, and the transfer of all his property and effects to an assignee for the benefit of creditors, upon the trust to convert the same into money, and, after paying the expenses of executing the trust, to pay all creditors of the assignor ratably and in proportion to their several demands. Thereafter certain creditors of the insolvent debtor presented a petition to the district court of the United States for the proper district, praying that the insolvent debtor might be adjudged a bankrupt. The creditors also applied to the court for an injunction restraining the assignee under the insolvent assignment from dealing with the property of the bankrupt further than might be necessary to preserve the

same.  In support of the validity of the assignment as against the trustee in bankruptcy, it was urged that the trustee could take no property save that which the statute gave him; that the bankruptcy act contains no provision making such assignments voidable, unless they have been made with intent to defraud creditors, and that under section 70 of the bankrupt act the trustee takes the estate of the bankrupt as of the date he was adjudged a bankrupt; and that his title could not reach back so as to cover property previously assigned by the bankrupt.  These objections the court deemed insufficient, and granted the motion for a restraining order.  The case again came before the court upon a motion to dissolve the restraining order in Re Gutwillig (D. C.) 90 Fed. 481.  The motion was made upon the ground that the sheriff of the county where the property of the bankrupt was located had, prior to the bankruptcy proceedings, by virtue of a writ of replevin issued out of the state supreme court in an action brought by a vendor against the bankrupt and his assignee, taken from the possession of the assignee certain goods, which the sheriff continued to hold.  The purpose of the motion was to relieve the sheriff from the restraining order, so that he might deliver to the vendor the property replevied, in accordance with the terms of the writ.  It was charged, however, in opposition to the motion, that the sheriff, in executing the writ of replevin, had taken property not described in the writ, appropriating other material and labor, to the prejudice of other creditors of the bankrupt.  The reply to this charge was that under section 23b of the bankruptcy act the controversy between the trustee and sheriff concerning the property in the hands of the sheriff could only be determined in the state court.  The opinion of the court upon the question as thus presented gives the reasons for upholding the jurisdiction of the bankruptcy court as follows:

"Section 23b is expressly limited to suits which the bankrupt himself 'might have brought if proceedings in bankruptcy had not been instituted.' The bankrupt, in consequence of his voluntary assignment, could not have brought any suit against the sheriff for this trespass; nor could he bring any suit to declare the assignment void as to creditors, or as respects the bankrupt law; nor any suit to prevent the appropriation of the value of the other materials and labor, admixed possibly with the vendor's flannel, from being appropriated for Codey's benefit to the prejudice of other creditors, such as might be maintained in a court of bankruptcy, as in a court of equity.  It is in that court, under section 2, that such controversies should be determined, where the severe rule of law as regards title by accretion or admixture, which is enforced justly, it may be, against the wrongdoer (Silsbury v. McCoon, 3 N. Y. 379; Guckenheimer v. Angevine, 81 N. Y. 394; Cavin v. Gleason. 105 N. Y. 261, 11 N. E. 504; Joslin v. Cowee, 60 Barb. 48; Hyde v. Cookson, 21 Barb. 92), is not applicable as against creditors or other vendors having equal or superior rights (Bank v. Goddard, 131 N. Y. 502, 30 N. E. 566; Bank v. Dunn, 97 N. Y. 149, 159)."

After this decision in the district court, the assignee petitioned the circuit court of appeals in the Second circuit to vacate the restraining order granted by the district court, on the ground that the district court had no power to make the same, that it interfered with the due performance of his duties as general assignee for the benefit of creditors of the insolvent assignee, and that the general assignment was not voidable by a trustee in bankruptcy.  The cir-

cuit court of appeals affirmed the order of the district court, in an opinion which discusses the effect of the bankruptcy act upon voluntary assignments under the state law, but in the opinion of the court no reference is made to the provisions of section 23 of the act. In re Gutwillig, 34 C. C. A. 377, 92 Fed. 337, 63 U. S. App. 191. The judgment of the court, however, necessarily involves a determination that this section does not deprive the court of bankruptcy of jurisdiction of a suit by a trustee to set aside a transfer of property made by a bankrupt, and alleged to be in violation of the act. In the case of In re Brooks, 91 Fed. 508, in the district court of Vermont, the same interpretation was given to this statute as in the last case; and in the case of Carter v. Hobbs, 92 Fed. 594, the district court of Indiana, and in the case of Murray v. Beal, 97 Fed. 567, the district court of Utah, reached the same conclusion. In Robinson v. White, Id. 33, the district court of Indiana adhered to its decision in Carter v. Hobbs, and in the case of Lehman v. Crosby, 99 Fed. 543, the district court of the Southern district of New York adhered to its decision in the case of In re Gutwillig. The doctrine of these cases is that section 23b is to be strictly construed as being a limitation upon the general grant of jurisdiction to the courts of bankruptcy in other parts of the act; that this provision does not apply to a suit by the trustee to set aside an alleged fraudulent conveyance of property to the bankrupt, which is one the bankrupt could not have maintained; that in such a case the court of bankruptcy has jurisdiction of the suit. This interpretation of subdivision "b" necessarily involves the contrary proposition that, where the suit is one which the bankrupt himself might have prosecuted if proceedings in bankruptcy had not been instituted, the trustee can only maintain his action in the state court. In other words, the state court has exclusive jurisdiction of all cases brought by the trustee against parties claiming property adversely to the bankrupt estate, except where the action is one the bankrupt could not have maintained prior to bankruptcy proceedings, and except, also, where the proposed defendant consents to being sued elsewhere. To this interpretation there are many serious objections, in the lack of harmony it produces in the various provisions of the act, but the exception which permits the proposed defendant to be sued in the bankruptcy court upon his consent appears to be conclusive. No consent or agreement between parties can confer jurisdiction upon a court of the United States to hear and determine a controversy unless the court has jurisdiction of the subject-matter. This rule has been so often stated that no authorities need be cited in its support. Jurisdiction over the person of the defendant in a United States court may be obtained by his consent, although he is sued in a district of which he is not an inhabitant, but this is not sufficient unless the court has also jurisdiction over the subject-matter in controversy. If, then, the defendant may by his consent be sued in the bankruptcy court by the trustee in bankruptcy, it is because the court has jurisdiction over the subject-matter involved in the suit, and only requires jurisdiction over the person of the defendant to proceed with the action to final judgment. In this view of the

law, section 23b cannot be interpreted as a limitation upon the general grant of jurisdiction to the courts of bankruptcy in other parts of the act.

We come now to the consideration of those cases which have given a still different interpretation to this statute, and where all its provisions appear to be harmonized in a uniform system of bankruptcy administered by the bankruptcy court. In the case of In re Sievers (D. C.) 91 Fed. 366, the insolvent debtor, Charles F. Sievers, made a general assignment for the benefit of his creditors under the laws of the state of Missouri. Thereupon certain creditors of Sievers filed their petition in the proper United States district court to have him adjudicated a bankrupt; and a few days thereafter they filed a second petition for the appointment of a receiver to take charge of the assets of the bankrupt, and to enjoin his assignee from proceeding with the administration of the estate. An order to the assignee to show cause was issued upon the last petition, to which the assignee made return, admitting the assignment, and alleging that he had qualified as assignee as required by the laws of the state of Missouri, and was proceeding to administer the trust imposed upon him by the deed; claiming a right to do so notwithstanding the proceedings in bankruptcy. It was contended, as one of the grounds in support of this return, that any action challenging the respondent's right to hold the assigned property must be brought in the courts of the state, which it was urged had exclusive jurisdiction of such controversies. The court, in its opinion, discusses the question very elaborately, and considers very carefully the general scope and purpose of the bankruptcy act, the jurisdiction of the bankruptcy court as therein provided, the character of actions a trustee may be required to prosecute or defend in administering the estate of the bankrupt, and the general jurisdiction of the United States circuit courts, at the time the bankrupt act was passed, over cases arising under the constitution and laws of the United States, and in cases where the plaintiff holds an office created by an act of congress. From the considerations arising from a comparison of these statutes of jurisdiction, the court reaches the conclusion that subdivision "a" of section 23 is in the nature of a prohibition directed against the exercise of jurisdiction by the United States circuit courts in any case between the trustee and an adverse claimant, unless the bankrupt himself could have resorted to the circuit court for the assertion of such claim against the adverse claimant, and that subdivision "b" reinforces the prohibition of subdivision "a," but in this instance the prohibition is addressed to the trustee, instead of the circuit court, as found in the latter subdivision; that both subdivisions of section 23, when read together, relate to the same subject-matter, and that is to the jurisdiction of the United States circuit court, and to that alone, and is in no way applicable to the jurisdiction of the district courts as courts of bankruptcy. The question at issue in this case was taken, upon a petition for review, to the circuit court of appeals for the Eighth circuit, under the title of Davis v. Bohle, 34 C. C. A. 372, 92 Fed. 325, where the jurisdiction and the order of the district court enjoining the assignee

under the state laws from further proceeding with the administration of the estate of the bankrupt were sustained and approved; but in the opinion of the court no reference is made to section 23, although the question of jurisdiction which it presented must necessarily have been determined against the claim that it limits the jurisdiction of the bankruptcy court. The opinion in this case has been followed in the cases of In re Newberry (D. C.) 97 Fed. 24; Norcross v. Nathan (D. C.) 99 Fed. 414; and in Cox v. Wall, Id. 546. In the case of In re Hammond, 98 Fed. 845, in the district of Massachusetts, the court had before it the question of jurisdiction of a proceeding by a trustee in bankruptcy for the recovery of the property of the bankrupt, held by an attaching creditor, whose attachment was obtained in a suit begun against the bankrupt within four months prior to the filing of the petition in bankruptcy. The court in its opinion reviews the history of the act of July 1, 1898, and discusses its various provisions in the light of previous legislation upon the subject. It also considers the jurisdiction and power of courts of bankruptcy under these previous acts as established by adjudicated cases, and arrives at the conclusion that the present act gives the court jurisdiction of the proceedings against the attaching creditor; holding that his possession of the property was not in opposition to the right of the bankrupt, nor in antagonism to its title, but entirely upon the assumption that the title was in the bankrupt. The decision is based upon the doctrine declared in this court in the case of In re Francis-Valentine Co., 36 C. C. A. 499, 94 Fed. 793. In following that case the district court in Massachusetts did not find it necessary to determine the question of jurisdiction under section 23b, in a suit brought by the trustee against a defendant holding adversely to the bankrupt estate, but excellent reasons are given for the jurisdiction of the bankrupt court as maintained in the last cited cases. In the case of In re Woodbury, 98 Fed. 833, in the Northern district of Dakota, the court had before it the precise question involved in the present case, and the opinion of the court as to the scope and purpose of section 23b is perhaps the most satisfactory explanation yet made of that provision of the statute. In brief, the court is of the opinion that subdivision "b" of section 23 relates only to the venue of actions brought or prosecuted by trustees of bankrupt estates, and requires that such suits shall be brought in the district and division in which they would have been brought if bankruptcy proceedings had not been instituted; thereby providing against the jurisdiction which the trustee might invoke by reason of his residence in a district or division of a district other than that of the bankrupt, as permitted in section 45 of the act. It may be said, further, in support of this interpretation, that the title of section 23 is "Jurisdiction of United States and State Courts." The cases holding that this section refers only to the United States circuit courts must reject this title, or at least that part referring to state courts, as superfluous. But, if we hold that subdivision "b" of the section refers to the venue of suits brought by the trustee, then the title of the section is correct as it stands, since subdivision "b" determines, not only the district and division of the United States cir-

cuit and district courts where the trustee may bring suits, but also the court of the state, when he enters that jurisdiction. In this view of the provision, it is in the nature of a personal privilege, and may be waived by the defendant, as provided in the section. Loveland, Bankr. p. 71. It must be admitted, however, that no interpretation of section 23 has yet been proposed that is entirely free from criticism; and while the learned opinion of the court in the case of In re Woodbury, supra, fails to remove all doubts as to the meaning of the section, it leaves less doubt than the other interpretations, and, with the light we now have, we cannot suggest a more satisfactory explanation of the purpose and effect of the subdivision of the section under consideration.

In the present case the only question is as to the jurisdiction of the district court, as a court of bankruptcy, over a bill brought by the trustee to set aside a conveyance alleged to b. an unlawful preference under the bankruptcy act, and given for the purpose of defrauding the creditors of the bankrupt. It is, therefore, not necessary to determine which of the latter interpretations of the section is correct. If we conclude that the first is erroneous, and adopt either of the others, the court had jurisdiction of the bill of complaint; and upon that question we have no doubt. The subject-matter of the controversy arises out of the bankruptcy proceedings, and is necessarily involved in the settlement and administration of the bankrupt estate. This is of itself a ground of jurisdiction. Ex parte Christy, 3 How. 308, 313, 11 L. Ed. 603; Mitchell v. Manufacturing Co., 17 Fed. Cas. 496; Burr v. Hopkins, 4 Fed. Cas. 814. It follows that the district court had jurisdiction of the bill of complaint in this case, and the demurrer on that ground should have been overruled. The judgment of the court below is therefore reversed, and the cause remanded for further proceedings not inconsistent with these views.