---

### In re WARD.

(District Court, D. Massachusetts. November 7, 1900.)

#### No. 3,626.

BANKRUPTCY—JURISDICTION—INJUNCTION AGAINST THIRD PARTY.
Bankr. Act 1898 does not vest a court of bankruptcy with jurisdiction to take property alleged to belong to the bankrupt out of the possession of a third party, unless by his consent, either permanently, by a plenary suit, or temporarily and by summary process, pending adjudication on a petition filed, and, lacking such jurisdiction, it is without power to enjoin the third party from disposing of such property.

In Bankruptcy. On application by petitioning creditor for an injunction.

Charles W. Hodgdon, for petitioners.
J. Albert Brackett, for O'Donald.

LOWELL, District Judge. An involuntary petition in bankruptcy was filed in this court against Ward. Prior to adjudication, the petitioning creditor filed a separate petition seeking to enjoin one O'Donald, who was alleged to "hold in his hands and possession funds and credits due" Ward under a certain contract, "from making any transfer or disposition of the said funds and credits or any part thereof." Thereupon an order of notice was issued requiring O'Donald to show cause why the injunction prayed for should not issue. He appeared by counsel, and, while not actively denying the jurisdiction of this court to issue the injunction prayed for, yet re-

frained from consenting to the jurisdiction. The court must determine if, in a case like this, it is given by the bankrupt act jurisdiction to enjoin a respondent who has not consented to its jurisdiction.

Prior to the decision of the supreme court in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, the jurisdiction was assumed and freely exercised by the courts of this and many other districts, and had been sustained by several circuit courts of appeal. See In re Hammond (D. C.) 98 Fed. 845. The decision of the supreme court has so gravely modified the theory of jurisdiction in bankruptcy previously held by all these courts that their practice prior to that decision affords little support for a continuance thereof. In the case above cited the supreme court actually decided that a district court has no jurisdiction, except by the defendant's consent, of a suit brought by a trustee in bankruptcy to set aside a fraudulent transfer made by the bankrupt to a third party before the institution of bankruptcy proceedings. This is not that case, but, as was said by this court in Re Hammond (D. C.) 98 Fed., at pages 851, 852, there is great difficulty in holding that a court can, before adjudication, deal temporarily with property alleged to belong to the bankrupt, and yet cannot take jurisdiction of a plenary suit by a trustee to recover the same property after adjudication. It is hard to believe, for example, that this court can, pending the appointment of a trustee, and acting by a marshal or receiver, take property alleged to belong to the bankrupt out of the hands of a third party, and yet be without jurisdiction to take like property out of the hands of a third party at the suit of a trustee after he is appointed. This difficulty apparently was felt by the supreme court, for in the case above cited, at page 538, 178 U. S., page 1006, 20 Sup. Ct., and page 1182, 44 L. Ed., Mr. Justice Gray said:

"The powers conferred on the courts of bankruptcy by clause 3 of section 2, and by section 69, after the filing of a petition in bankruptcy, and in case it is necessary for the preservation of property of the bankrupt, to authorize receivers or the marshals to take charge of it until a trustee is appointed, can hardly be considered as authorizing the forcible seizure of such property in the possession of an adverse claimant."

The case of In re Hammond is now completely overruled by the decision of the supreme court, but the reasoning in the opinion there rendered and in the extract just quoted from the opinion of the supreme court are both forcible to show that the jurisdiction of this court over plenary suits, and its jurisdiction by summary process and pending adjudication, to seize property in the hands of a third party and alleged to belong to the bankrupt, stand and fall together. In Re Hammond they were said to stand together. In Bardes v. Bank the opinion was expressed that they fall together. For these reasons, I think the district court is without jurisdiction to take property alleged to belong to the bankrupt out of the possession of a third party, as well temporarily and by summary process, as permanently and by plenary suit.

The present case does not involve the taking of property alleged to belong to the bankrupt's estate out of the hands of a third party,

but merely the enjoining a third party from dealing with the property. Doubtless there is a difference between the two acts proposed, but, if there is no jurisdiction to take the property, I cannot find jurisdiction to forbid its use. To take property out of a man's possession, and to restrain him from dealing with it as owner, appear to me but different acts of exercise of the same jurisdiction.

It is not necessary to deal at length with other reported cases. In Re Gutwillig, 34 C. C. A. 377, 92 Fed. 337, the jurisdiction of the district court was sustained in a case like this, and was rested principally upon section 2 (15) of the bankrupt act. I find myself compelled to regard this case as overruled by Bardes v. Bank, as shown particularly in the language of the supreme court regarding that section, found at page 535, 178 U. S., pages 1004, 1005, 20 Sup. Ct., and page 1181, 44 L. Ed. Bear v. Chase, 40 C. C. A. 182, 99 Fed. 920, so far as it is unaffected by the decisions of the supreme court, has no application to the case at bar. The respondent is not an attaching creditor. In Davis v. Bohle, 34 C. C. A. 372, 92 Fed. 325, the circuit court of appeals for the Eighth circuit sustained the jurisdiction of the district court, saying: "We feel confident that congress did not intend by the recent bankrupt act to commit the administration of any insolvent estate to an assignee chosen by the bankrupt, who should be free from the control of the bankruptcy court having jurisdiction over the person of the bankrupt." This case, also, must be regarded as overruled. See, especially, the expression of opinion of the supreme court, on page 538, 178 U. S., page 1006, 20 Sup. Ct., and page 1182, 44 L. Ed., above cited. While the point discussed in that citation was not necessarily involved in the decision of the case, and so the opinion rendered does not bind the supreme court itself, yet I think a district court is ordinarily bound to prefer an unhesitating statement of law made obiter by the supreme court to a decision of a circuit court of appeals made prior thereto. In re Baudouine & Co., 41 C. C. A. 318, 101 Fed. 574, and Hall v. Kincell, 42 C. C. A. 360, 102 Fed. 301, must be regarded as directly overruled by Bardes v. Bank. For the reasons stated in Bardes v. Bank, at page 535, 178 U. S., pages 1004, 1005, 20 Sup. Ct., and page 1181, 44 L. Ed., and in Re Hammond (D. C.) 98 Fed., at page 853, I think that clauses 6 and 15 of section 2 of the bankrupt act do not extend the jurisdiction of the court to cover this case. It was urged in argument that section 11a, empowering this court to stay suit in a state court against the bankrupt, gives this court authority to restrain one alleged to hold the bankrupt's property from disposing of the same; but that subsection appears to me not to apply to any aspect of this case.

Counsel for the petitioners urged that the supreme court passed only upon the jurisdiction of this court over plenary suits, and that the jurisdiction by summary process was left undisturbed. It would be strange, however, if a court be without jurisdiction to determine the title or to affect the control of property by a plenary suit, where all parties must be fully heard, and yet has jurisdiction on summary process, and without hearing, to take possession of the same property or to restrain its use. I do not understand that the supreme

court has held that the district court may do by summary process that which it is forbidden to do in a plenary suit. The case of White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183, held only that, after property had once passed into the custody of a court of bankruptcy by the referee's taking possession of it, it was not open to seizure by a state court on writ of replevin, and, if so seized, could be retaken by the court of bankruptcy by summary process. The case has no application to property which has never been in the possession of a court of bankruptcy.

It is further urged that, if this court be without jurisdiction to keep from concealment or dissipation the property of the bankrupt in the hands of a third party pending adjudication, there will seldom be left much for the trustee to distribute among the creditors. This may be true, but the situation is created by congress, not by the court. It may be that the state courts, on petition by the creditors, would act in a case like this. See In re Schrom (D. C.) 97 Fed. 760.

It is greatly to be desired that a further exposition of the jurisdiction of the district court in bankruptcy should be made as speedily as possible by the supreme court, and, if counsel for the petitioners shall desire to take this case directly to the supreme court, as is provided by section 5 of the judiciary act of 1891 (26 Stat. 827), I will gladly facilitate proceedings to that end.